IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Ronda Everett,                          )
                                        )
            Plaintiff,                  )          Civil Action No. 2:10-2243-MGL
                                        )
      vs.                               )
                                        )          **OPINION AND ORDER**
Michael J. Astrue,                      )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )
_____ )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Ronda Everett ("Everett") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.    In her Report and Recommendation, Magistrate Judge Hendricks recommends reversing the Commissioner's decision and remanding the case for further proceedings. The Commissioner objects to the Report and Recommendation. Everett filed a response in support of the Magistrate Judge's Report.    For the reasons stated below, the court adopts the Report and Recommendation and reverses and remands the case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the administrative record ("R.") and in the decision of the Administrative Law Judge  ("ALJ"), (R. at 12-21), and are summarized below in relevant part.  At the time of the ALJ's September 16, 2009 decision, Everett was a forty-three-year-old woman with

a high school education and past work experience as a mail clerk. (R. at 19-20).   The ALJ found

that Everett has a number of severe physical and mental impairments to include: disorders of the

spine, fibromyalgia, connective tissue disease, anxiety, panic disorder, depression, posttraumatic

stress disorder, and osteoarthritis. (R. at 14).

     On October 26, 2006, Everett filed a Title II application for a period of disability and

disability insurance benefits (DIB), alleging disability beginning January 2, 2005.  (R. at 12, 89,

106).  The claim was denied initially and upon reconsideration. (R. at 12, 53-56).  Subsequently,

Everett  filed a written request for a hearing which was held on July 1, 2009. (R. at 12, 22, 70).  On

September 16, 2009, the ALJ found that Everett was not disabled under sections 216(i) and 223(d)

of the Social Security Act and that Everett was capable of performing past relevant work as a mail

clerk which does not require the performance of work-related activities precluded by Everett's

residual functional capacity. (R. at 19, 21).  The Appeals Council denied Everett's request for review

of the ALJ's decision on July 3, 2010 thereby making the ALJ's determination the final decision of

the Commissioner.  (R. at 1).   Everett filed the instant action on August 27, 2010.

## II. REPORT AND RECOMMENDATION

     The Magistrate Judge recommends reversing the Commissioner's final decision and

remanding the case for further administrative proceedings because the ALJ failed to properly

evaluate and consider the medical opinions of Everett's treating rheumatologist, Dr. Daniel Holden.

(*See generally* Report & Recommendation, ECF No. 33).

     The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination

of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. DISCUSSION OF THE LAW

### A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v.*

-3-

*Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### B. Objections

The Commissioner objects to the Magistrate Judge's conclusion, alleging that the Commissioner's final administrative decision that Everett was not disabled is supported by substantial evidence and free from reversible legal error. (Objections to Report & Recommendation, ECF No. 35 at 3). The Commissioner claims that Dr. Holden's opinion was not supported by his own treatment records because, in addition to the positive fibromyalgia findings, Dr. Holden also noted that Everett "looked well" and "appeared healthy" at visits. *Id.* at 2-3.

### C. Opinion of Treating Physician

The Magistrate Judge recommends remanding this case to the ALJ in order to properly address and evaluate Dr. Holden's opinion. The primary basis for the Commissioner's objection is that Dr. Holden's opinion "was not supported by his own treatment records." (Objections to Report & Recommendation, ECF No. 35 at 2). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well

-4-

supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2) (effective March 26, 2012); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded significantly less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996). The ALJ has the discretion to give less weight to the opinion of a treating physician when there is persuasive contrary evidence in the record. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The ALJ acknowledged that Everett "suffers from multiple severe physical impairments" including fibromyalgia, (R. at 14), but gave little weight to the assessment of the treating rheumatologist Dr. Holden. (R. at 19). The ALJ determined that Dr. Holden's treatment notes did not reveal findings commensurate with his assessment of severe functional limitations. (R. at 19). As noted by the ALJ and again in the Commissioner's Objections, in Dr. Holden's notes were comments that Everett "appears healthy" and "looks well" during visits in February 2008. (R. at 503, 506). The Magistrate Judge recognized that "[a]t first blush, it would appear that Dr. Holden's notes do not support the suggested restrictions, except that the doctor diagnosed the plaintiff with fibromyalgia." (Report & Recommendation, ECF No. 33 at 8). The ALJ recognized fibromyalgia as one of several severe impairments from which Everett suffers. (R. at 14). As the Seventh Circuit has explained, and as has been cited in this District:

> [F]ibromyalgia, also known as fibrositis [is] a common, but elusive and mysterious disease...Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and-the only symptom that discriminates between it and other diseases of a rheumatic character-multiple tender spots, more precisely 18 fixed locations

on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed with fibromyalgia) that when pressed firmly cause the patient to flinch.  All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch. There is no serious doubt that [claimant] is afflicted with the disease, but it is difficult to determine the severity of her condition because of the unavailability of objective clinical tests.  Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not, and the question is whether [claimant] is one of the minority.

*Sarchet v. Chater*, 78 F.3d 305, 306-307 (7th Cir. 1996) (internal citations omitted)*; Robertson v. Astrue*, No.  6:10-597, 2011WL 1559058, at *3 (D.S.C. Apr. 25, 2011). Thus, a plaintiff's doctor can find a patient severely restricted by pain even in the absence of objective findings.  While Dr. Holden did note Everett's  normal spine, joints, muscle strength, and extremity and neurological exams, over the course of several visits Everett had an abnormal gait, used a cane, and complained of pain, tenderness, and stiffness at various locations. (R. at 480-82, 484, 486, 488, 490, 495, 504, 506).  Additionally, on Everett's January 22, 2009 visit, Dr. Holden noted eight "trigger points" of pain.  (R. at 482).

Further, even if the ALJ does not give controlling weight to Dr. Holden's opinion, this opinion is still to be considered as part of the regulatory assessment and therefore, is not automatically rejected.  *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2) (effective March 26, 2012); *see also* SSR 96-2p, 1996 WL 374188, at *4 (1996).  Thus,  if the Commissioner does not give controlling weight to  the treating physician's opinion, "all" of the following several factors are to be considered in deciding how to weigh the opinion to include: examining relationship (whether the source has examined the claimant); treatment relationship (if the source can "provide a detailed, longitudinal picture" of the medical impairment(s)); supportability (if the source "presents relevant evidence to support an opinion"); consistency (with the record as a whole); and specialization (more

weight given to a specialist about medical issues). *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2) (effective March 26, 2012).   Based on Dr. Holden's  examinations of Everett over the course of several months, the sum of his treatment notes and documentation of Everett's complaints and issues, and his specialization in rheumatology, as a speciality area for treating fibromyalgia, this court concurs with the conclusions reached by the Magistrate Judge concerning the ALJ's assessment of Dr. Holden's opinion on this issue.  It is not clear whether the ALJ considered "all" the relevant factors after deciding not to give Dr. Holden's opinion controlling weight.

The Commissioner mentions *Montgomery v. Chater*, 107 F.3d 866, 1997 WL 76937 (4th Cir. 1997), in a cursory manner as support for his argument here but the facts render the instant case distinguishable.  In *Montgomery*, the plaintiff alleged disability commencing on December 31, 1985, as a result of blood clots in her leg, edema, shortness of breath and nerves.  The ALJ ultimately concluded she was not disabled at any time through September 30, 1986, the date she last qualified to receive disability insurance.  The Magistrate Judge recommended affirming the Commissioner's decision denying benefits and the District Court adopted the report after conducting a *de novo* review of the portions of the Magistrate Judge's report to which the plaintiff objected.  *Montgomery v. Chater*, 107 F.3d 866, 1997 WL 76937, at *1 (4th Cir. 1997). There, the ALJ found that the treating physician's contemporaneous records documenting the plaintiff's condition at the time of treatment (in the mid/late 1980s) of certain leg and feet problems did not corroborate his retrospective 1992 opinions that the plaintiff was "probably" disabled at or around the time of the treatments. *Id.* at *1.  The notes in that case revealed the plaintiff experienced problems over a period of a few years and received mild to moderate pain medication on three occasions that alleviated her symptoms.   Based on the specific facts of that case, the treating physician's

-7-

contemporaneous treatment records seemed to lack any clinical findings of a disability which prevented the plaintiff from performing nonexertional, sedentary work. *Id.* at*1. On the other hand, the depth and range of Dr. Holden's contemporaneous treatment records, closeness in time between the documentation of the treatment records and the recording of his opinion, severity and complexity of Everett's medical conditions and definitive diagnosis, and certainty of Dr. Holden's opinions are all distinguishing factors which call for a different outcome in this case.

## CONCLUSION

In light of the standard set out above, the court has reviewed, *de novo,* the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court adopts the recommendation of the Magistrate Judge's Report and Recommendation. This court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. Plaintiff's Motion to Remand on the basis of new and material evidence is mooted by this opinion. Further, in accordance with the Magistrate Judge's recommendation, the ALJ should consider the opinion of Dr. Robert Lemmon upon remand. (Report & Recommendation, ECF No. 33 at 9).

It is therefore ORDERED that the Commissioner's decision is reversed and remanded for further proceedings.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 3, 2012.